IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VICKIE M. STRINGER,

          **Plaintiff,**

    v.

MICHELLE KING, *et al.*,

          **Defendants.**

Case No. 2:26-cv-541
District Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's failure to respond to the Court's May 21, 2026 Order.  (Doc. 4).  For the following reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1-1) be **DISMISSED** for failure to prosecute.

I.     **BACKGROUND**

Plaintiff, proceeding *pro se*, filed a motion for leave to proceed *in forma pauperis* and a complaint seeking mandamus relief related to the Social Security Administration's ("SSA") adjudication of her survivor/disabled widow benefits claim and her son's disabled adult child benefits claim.  (Docs. 1, 1-1).  She also asks for a Court order compelling the SSA to correct her Social Security earnings record and for relief under the Privacy Act of 1974.  (*Id.* at 2, 14–15).  The Court screened Plaintiff's Complaint and made the preliminary determination that her case could proceed for further development.  (Doc. 4).  In that same Order, the Court required Plaintiff to submit proper service forms, a civil cover sheet, and a redacted Complaint and exhibits on or before May 29, 2026.  (*Id.* at 2–3).  The Court cautioned Plaintiff that failure to comply might result in the Court dismissing her case for want of prosecution.  (*Id.* at 4).  To date, Plaintiff has failed to comply with the Court's Order.

## II.    DISCUSSION

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

On balance, the factors set forth in *Schafer* support dismissal. First, Plaintiff has not responded to the Court's Order. What's more, because the Order centers on materials necessary for any Defendant to be properly served, Plaintiff has effectively brought this case to a halt. This demonstrates, to some extent, that Plaintiff has "a reckless disregard for the effect of [her] conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

2

Since Defendants have not been served, there is little risk of prejudice.  But the remaining factors also weigh in favor of dismissal.  As described above, the Court warned Plaintiff that her failure to comply may result in the Court dismissing his action. (Doc. 4).  Further, the Undersigned considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings.  *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In view of the foregoing, the Undersigned concludes Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket [and] the interest in expeditious resolution of litigation . . ." outweigh allowing this case to linger.  *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

Finally, the Undersigned reiterates the Court's previous warning to Plaintiff about filing frivolous, harassing, or duplicative lawsuits. (Doc. 4 at 3).  Notably, this case is nearly identical, both in substance and procedure, to Plaintiff's case filed on April 9, 2026.  (*See* Case No. 2:26-cv-428, Doc. 2 at 2–3 (ordering Plaintiff to provide proper service forms or risk dismissal)).  What's more, Plaintiff's failures to provide proper forms and comply with Court Orders are not isolated occurrences in this Court.  (*See* Case Nos. 2:24-cv-1717 (failed to submit proper *in forma pauperis* application); 2:25-cv-1053 (multiple failures to comply with Court Orders); and 2:25-cv-1055 (failed to submit complete *in forma pauperis* application and service forms)).  The Undersigned again **CAUTIONS** Plaintiff that this Court can, in its inherent power, revoke or deny her privilege of proceeding *in forma pauperis* or impose other restrictions if she files "frivolous, harassing or duplicative lawsuits."  *Levy v. Macy's, Inc.*, No. 1:13-CV-148, 2014 WL 49188, at *4–5 (S.D. Ohio Jan. 7, 2014) ("A prolific litigator may be required to obtain leave of Court before any further

3

complaints will be accepted for filing . . . and the Court may deny a vexatious litigant permission to proceed in forma pauperis." (internal citation omitted)); *see also In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam); *Hopson v. Secret Service*, No. 3:12-CV-770-H, 2013 WL 1092915, at *1–3 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 3:10-CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Michigan Nat. Bank*, No. 1:09-CV-1023, 2010 WL 2384535, at *2–3 (W.D. Mich. June 10, 2010).

## III.    CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1-1) be **DISMISSED** for failure to prosecute.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties any written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date: June 3, 2026                              /s/Kimberly A. Jolson
                                                KIMBERLY A. JOLSON
                                                UNITED STATES MAGISTRATE JUDGE