**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**VICKIE M. STRINGER,**

**Plaintiff,**

**v.**

**Case No. 2:26-cv-541**
**District Judge Michael H. Watson**
**Magistrate Judge Kimberly A. Jolson**

**MICHELLE KING, *et al.*,**

**Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Extension of Time. (Doc. 6). The Motion is **GRANTED**. The Court will consider Plaintiff's untimely objections to the Report and Recommendation (Doc. 5). This matter also comes before the Court to supplement its previous Report and Recommendation. (*Id.*).

## I. BACKGROUND

Previously, the Court permitted Plaintiff's claims to proceed for further development and required her to submit proper service forms, a civil cover sheet, and a redacted Complaint and exhibits on or before May 29, 2026 ("May 21 Order"). (Doc. 4 at 2–3). Still, the Court cautioned Plaintiff that failure to comply might result in the Court dismissing her case for want of prosecution. (*Id.* at 4). Plaintiff failed to comply, and the Undersigned subsequently recommended that the Court dismiss Plaintiff's case for failure to prosecute. (Doc. 5). Several weeks later, and after the objection deadline expired, Plaintiff filed a Motion for Extension of Time to respond to the Report and Recommendation, attaching several service forms. (Docs. 6, 6-2). The Court construed her Motion as an attempt to comply with the Court's May 21 Order and permitted Plaintiff to try again, giving her until July 6.

Again, Plaintiff failed to comply. As it stands, Plaintiff still has not submitted all of the service forms required to prosecute this action or redacted versions of her exhibits. Accordingly, the Undersigned further **RECOMMENDS** that the Court **DISMISS** Plaintiff's case.

## II. DISCUSSION

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). *See also Hoskin v. May*, No. 1:24-CV-2186, 2025 WL 638917, at *1 (N.D. Ohio Feb. 27, 2025) ("Where a *pro se* [plaintiff] fails to comply with a district court's deficiency order, his or her case is subject to dismissal without prejudice for want of prosecution.") (collecting cases). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

On balance, the factors set forth in *Schafer* still support dismissal. First, Plaintiff has not complied with the Court's Orders, even after multiple chances to comply. Notably, in its orders, the Court provided instructions on what to do. (*See, e.g.*, Doc. 4 at 3–4). What's more, because the Orders center on materials necessary for Defendants to be properly served, Plaintiff has effectively brought this case to a halt. This demonstrates, to some extent, that Plaintiff has "a reckless disregard for the effect of [her] conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Since Defendants have not been served, there is little risk of prejudice. But the remaining factors also weigh in favor of dismissal. As described above, the Court warned Plaintiff that her failure to comply may result in the Court dismissing her action. (Doc. 4). Further, the Undersigned considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to fulfil her litigation obligations. *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

What's more, Plaintiff's failures to provide proper forms and comply with Court Orders are not isolated occurrences in this Court. (*See* Case Nos. 2:24-cv-1717 (failed to submit proper *in forma pauperis* application); 2:25-cv-1053 (multiple failures to comply with Court Orders); and 2:25-cv-1055 (failed to submit complete *in forma pauperis* application and service forms)). The Undersigned again **CAUTIONS** Plaintiff that this Court can, in its inherent power, revoke or deny her privilege of proceeding *in forma pauperis* or impose other restrictions if she files "frivolous, harassing or duplicative lawsuits." *Levy v. Macy's, Inc.*, No. 1:13-CV-148, 2014 WL 49188, at *4–5 (S.D. Ohio Jan. 7, 2014) ("A prolific litigator may be required to obtain leave of Court before

any further complaints will be accepted for filing . . . and the Court may deny a vexatious litigant permission to proceed in forma pauperis." (internal citation omitted)); *see also In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam); *Hopson v. Secret Service*, No. 3:12-CV-770-H, 2013 WL 1092915, at *1–3 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 3:10-CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Michigan Nat. Bank*, No. 1:09-CV-1023, 2010 WL 2384535, at *2–3 (W.D. Mich. June 10, 2010).

In view of the foregoing, the Undersigned concludes dismissal is warranted. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket [and] the interest in expeditious resolution of litigation . . ." outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Extension of Time (Doc. 6). The Undersigned further **RECOMMENDS** Plaintiff's Complaint (Doc. 1-1) be **DISMISSED** for failure to prosecute by failing to comply with the Court's Orders. The Undersigned also **RECOMMENDS** that Docs. 10 and 11 be **DENIED as moot**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties any written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive

further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: August 20, 2026

/s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE